IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILL MARTINEZ,

        Plaintiff,

    vs.                No. CIV S-05-2263 MCE GGH PS

SACRAMENTO MUNICIPAL COURTS,

        Defendant.      <u>ORDER</u>

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        A claim is frivolous if it has no arguable basis in law or fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984); <u>Jackson</u>

1   v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

2          A complaint, or portion thereof, fails to state a claim if it appears beyond doubt

3   there is no set of supporting facts entitling plaintiff to relief.  Hishon v. King & Spalding, 467

4   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

5   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

6   this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp.

7   Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and

8   resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

9          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

10   520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

11   Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

12   plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

13   dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

14          The complaint alleges that plaintiff was not allowed to enter a plea in municipal

15   court for one year after arraignment, and that his speedy trial motion was denied.  He claims at

16   trial he was exonerated but his exoneration was not mentioned, and his speedy trial motion was

17   also not mentioned.  He seeks monetary damages, that any record of him be removed from all

18   records, and release of all records.

19          The complaint does not allege a basis for this court's jurisdiction.[1]  A less

20   stringent examination is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but

21   simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod.

22   Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a

23   cause of action within the court's original jurisdiction.  Id.  In any event, it is plaintiff's

24   \\\\\

25   _____

26          [1]  Neither does it comply with Fed. R. Civ. P. 10, governing the form of pleadings.

2

obligation to state the basis of the court's jurisdiction in the complaint, and plaintiff has not done so.

Plaintiff's allegations of errors in the state court might possibly be barred by the Rooker-Feldman doctrine if they are inextricably intertwined with the state court's prior judgment.

A federal district court does not have jurisdiction to review legal errors in state court decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-1312 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150 (1923).  "The district court lacks subject matter jurisdiction either to conduct a direct review of state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case."  Samuel v. Michaud, 980 F. Supp. 1381, 1411- 1412 (D. Idaho 1996).  See also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction over § 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v. Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attack on state court judgment because of substantive defense improper under Rooker-Feldman).  That the federal district court action alleges the state court's action was unconstitutional does not change the rule.  See Feldman, 460 U.S. at 486, 103 S. Ct. at 1316-1317.  Moreover, claims raised in federal district court need not have been argued in the state judicial proceedings to be barred by the Rooker-Feldman doctrine. Id. at 483-484 n. 16, 103 S. Ct. at 1315-1316 n. 16.  If federal claims are "inextricably intertwined" with a state court judgment, the federal court may not hear them.  Id.  "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 1533 (1987) (Marshall, J., concurring).

The 9th Circuit clarified the doctrine in Noel v. Hall, 341 F.3d 1148 (9th Cir.2003).  A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision is barred by

1  Rooker-Feldman because the federal court lacks subject matter jurisdiction.  Id. at 1164.  If, on

2  the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by

3  an adverse party, Rooker-Feldman does not bar jurisdiction.  Id.   But even if a federal plaintiff is

4  expressly seeking to set aside a state court judgment, Rooker-Feldman does not apply unless a

5  legal error by the state court is the basis for that relief.  See Kougasian v. TMSL, Inc., 359 F.3d

6  1136, 1140 (9th Cir. 2004).  Plaintiff is informed that if he expressly pleads that he is seeking

7  review of state law error, his complaint will be dismissed for lack of subject matter jurisdiction.

8         The requirement of a short and plain statement means a complaint must include

9  "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever

10  v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct.

11  99, 102 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (vague

12  and scanty allegations fail to satisfy the notice requirement of  Rule 8); 5 C. Wright & A. Miller,

13  Federal Practice and Procedure § 1202 (2d ed. 1990).  In this case, plaintiff names Sacramento

14  Municipal Courts as the sole defendant, but has not set forth how the court violated his rights.

15         The Civil Rights Act under which this action was filed provides as follows:

16         Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
17         deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
18         law, suit in equity, or other proper proceeding for redress.

19  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

20  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

21  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

22  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

23  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

24  omits to perform an act which he is legally required to do that causes the deprivation of which

25  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

26  \\\\\

1    Plaintiff does not explain why the denial of his speedy trial motion should have

2  been mentioned at his trial, how he was exonerated before his trial ended in a verdict, and why

3  any exoneration should have been raised at trial.

4    Moreover, Section 1983 does not abrogate the states' Eleventh Amendment

5  immunity from suit.  See Quern v. Jordan, 440 U.S. 332, 344-45, 99 S. Ct. 1139, 1147 (1979).

6  The state courts are immune from civil rights liability pursuant to the Eleventh Amendment.

7  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a

8  state, an 'arm of the state,' its instrumentalities, or its agencies.  Durning v. Citibank, N.A., 950

9  F.2d 1419, 1422-23 (9th Cir. 1991).  The Superior Court is an arm of the State.  See Hyland v.

10  Wonder, 117 F.3d 405, 413 (9th Cir.1997), amended by and reh'g denied, 127 F.3d 1135 (9th

11  Cir.1997) (state case law and constitutional provisions make clear that California Superior Court

12  is State agency); Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir.1995) (California municipal

13  court is arm of state protected from lawsuit by Eleventh Amendment immunity); Root v. Schenk,

14  953 F. Supp. 1115, 1120 (C.D. Cal. 1997) (holding state superior court an arm of the state).

15  Moreover, with the exception of prospective injunctive relief actions, "states or governmental

16  entities that are considered 'arms of the State' for Eleventh Amendment purposes are not

17  'persons' under § 1983."  Doe v. Lawrence Livermore National Laboratory, 131 F.3d 836, 839

18  (9th Cir. 1997) citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2311

19  (1989).

20    Therefore, the complaint will be dismissed with leave to amend.  Plaintiff is

21  informed the court cannot refer to prior pleadings in order to make an amended complaint

22  complete.  Local Rule 15-220 requires that an amended complaint be complete in itself.  This is

23  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

24  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint,

25  the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of

26  action alleged in the original complaint which are not alleged in the amended complaint,"

1   London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir.1981), and defendants not named in

2   an amended complaint are no longer defendants.  Ferdik, 963 F.2d at 262 (9th Cir.).

3           Good cause appearing, IT IS ORDERED that:

4           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

5           2.  The complaint is dismissed, with leave to file an amended complaint within

6   thirty days from the date of service of this order.  Failure to file an amended complaint will result

7   in a recommendation that the action be dismissed.

8   DATED: 1/26/06

9                                              /s/ Gregory G. Hollows

10                                             _____
                                               GREGORY G. HOLLOWS,
                                               UNITED STATES MAGISTRATE JUDGE

11  Martinez2263.amd.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6